# 7253

CHARLES FERRO,Appellee,

     VS                      NO.  7  2  5  3

SYLVAIN M. BOUCHE,Appellant

CHARLES F. CLAIBORNE, JUDGE.

December 24th.1917.

CHARLES F. CLAIBORNE, JUDGE.

This is an ejectment suit under the provisions of Act 313 of 1908 p.479.

On November 19th.1917 plaintiff filed a petition in which he alleged that by act dated October 18th.1917 he purchased the property No.5317-23 South Franklin Street from Mrs. John Villemeur; that at the time of his purchase the property was occupied by defendant under a written lease from the vendor, Mrs. Véllemeur, begining October 1—1916 and ending September 30th.1917 at the yearly rental of $432 duly registered in the Conveyance Office; that notwithstanding the expiration of said lease by limitation the said defendant still occupied said property and refused to vacate it; the plaintiff further averred that he was anxious to obtain the possession of said property, and he prayed that the defendant be cited summarily by rule, to show cause why judgment should not be rendered condemning him to vacate said premises, and for a writ of possession against him?

The rule was made returnable on November 23rd.1917.

Defendant filed several exceptions, only two of which have been insisted upon in this Court. They are that the District Court was without jurisdiction of this proceeding ratione materiae, and that plaintiff's petition disclosed no legal right of action in that, as purchaser, he was not entitled to the summary proceedings by rule provided by Act 313 of 1908.

He also answered that at the time plaintiff purchased the property the lease had expired; but that prior to its expiration on September 30th.1917 he had renewed said

38

lease with Mrs. Villemeur, who was then the owner of the property, for the term of one year begining October 1st. 1917 and ending September 30th.1918; he denied that there existed any contractual relations between him and plaintiff as landlord and tenant; or that there was

any tacit reconduction of the original lease; and averred that plaintiff's only right was a petitory action under ordinary legal process.

On the return day of the rule, November 23rd.,there was judgment for plaintiff. From this judgment defendant took a suspensive appeal returnable to this Court on December 10th.1917.

Before the return day of the appeal,plaintiff and appellee procured the transcript from the District Court and lodged it in this Court on November 30th. 1917. On the same day he obtained from this Court an order specially assigning this case for trial for December 7th, 1917.

Thereupon the defendant and a pellant moved this Court to set aside the order fixing this case for trial for December 7th. upon the ground that appellee had no right to obtain the transcript and file it in this court, and that the case could not legally be fixed before the return day.

Article 590 of the Code of Practice says:" If the appellee prefers to have judgment on the appeal he may obtain a copy of the record from the lower court, and bring it up to the appellate court, and may pray for judgment, or for the dismissal of the appeal, in the same manner as if the record had been brought up by the appellant." See also C.P.884.

In Barbarin vs. Armstrong 2La.208 the transcript was not brought up by either the appellant or the appellee; it was filed by the Clerk of the Parish Court. The Court sustained the action of the Clerk, and enter-

tained a motion to affirm the judgment with damages.

In State ex rel Duffel vs. Marks 30A.70 the Court said that any interested party was authorized to file the transcript in order to protect the constitutional right of appeal.

In Wheeler vs. Wilson 137La.975 the Court recognized the right of the appellee to file the transcript of appeal before the return day, to have the case put on the preference docket if it was entitled to be there, and to move to have it fixed for trial on a special day as a preference case. *138 La.*

These decisions establish beyond a doubt the right of the appellee in this case to have brought up the transcript. The motion of appellant to set aside appellee's proceedings in this respect is denied.

The right of appellee to have his case fixed by preference in the appellate court was also granted by law. Sec. 2163 of the Revised Statutes provides that: "All suits for the expulsion of tenants, brought in pursuance of this act shall at all times be tried by preference in the Supreme Court of this State, any law or laws to the contrary notwithstanding."

In State ex rel Matt vs. Judge 37A.843 the Supreme Court said that the proceedings for the ejectment of tenants under sections 2155-2156 of the Revised Statutes were "summary" and entitled to be fixed in the appellate court after three days notice--also 22A.293.

When Section 2153 of the Revised Statutes was held to be repealed by Act 20 of 1884 which vested the Supreme Court with authority "to regulate the trial of causes before it", that tribunal decided that "the policy of the law and the better administration of justice required a speedy of trial of causes" of ejectment and , "on that ground" granted an order to fix the trial of the case after three days' notice. Godchaux vs. Batman 44A.253, See also 16A.182, C.P. 756.

The defendant also pleaded want of jurisdiction in the District Court. The defendant occupied the premises as a tenant under a lease for one year begining October 1st. 1916 and ending September 30th.1917 for the yearly rent of $432.00.

Section 2156 of the Revised Statutes provides that: "Whenever the monthly or yearly rent paid by the tenant, or the lease which he shall allege to hold shall exceed the sum of one hundred dollars, then the summary proceeding allowed by the preceding section for the possession of leased property shall be instituted or carried on before any parish or district court having competent jurisdiction in the manner provided in the preceding section, and the cases shall at all times be tried by preference, after three days' notice."

Articles 126 and 143 of the Constitutions of 1898 and 1913 confer upon Justices of the Peace throughout the State and upon the City Courts of the Parish of Orleans jurisdiction in " suits by landlords for possession of leased premises when the monthly or yearly rent, or the rent for the unexpired term of the lease does not exceed" the amount of one hundred dollars.

Whatever may be the ambiguity of expression contained in these statutes, whatever may have been the former jurisprudence interpreting them, whatever may be our own opinion concerning their meaning, we are bound by the latest opinion of the Supreme Court upon the subject. In the case of Dreyfus vs. Process Oil Co.140La. 50 the Court said that the amount of the "yearly rental" in excess of one hundred dollars fixed the jurisdiction in the District Court, after the lease had expired.

The defendant also pleaded that the plaintiff was without right of action for two reasons: first, because plaintiff had not leased the property to defendant, and second, because, on the date of the filing of the suit, the lease had expired by limitation and had not been con-

41

*because*

tinued by reconduction, and plaintiff's only remedy was by petitory action.

The answer to the second proposition is the language of the Act 313 of 1908. It provides that whenever any lessor "shall be desirous of obtaining possession of the said leased premises upon the termination of the lease either by limitation, or by non-payment of the rent when due, or any other breach of the said lease, he shall demand &c."

It is self-evident that the statute can be resorted to only in those cases when the tenant has lost the right to continue to occupy the leased premises by the termination of the lease or for any of the/other reasons mentioned by the law. Such was the state of facts in Dreyfous vs. Process Oil Co., 140La.50, and Godchaux vs.Bauman 44A.253.

It is ancient law that the tenant, having entered into possession of premises as such, cannot by his own act change the character of his possession, and, as to the lessor, always remains his tenant. 1H.D.p.800No.6; 2H.D.1194 No.17; 17A.63; 153; 23A.585; 33A.149; 30A. 808; 37A.732; 40A.634. 1 Greenleaf Ev. Sec.25; Bigelow on Estoppel p.390.

C.C.3441 (3404) Those who possess, not for themselves, but in the name of another, as farmers, depositaries and others who acknowledge an owner, cannot acquire the legal possession, because at the commencement of their possession they had not the intention of possession for themselves but for another.

C.C.3514 (3480) "One cannot prescribe against his own title, in this sense, that he cannot change by his own act the nature and the origin of his possession. Thus, he whose possession is founded on a contract of lease which is adduced is considered as always possessing by the same title, and cannot prescribe by any length of time."

Plaintiff, as purchaser of the property, had a

42

right to proceed under the provisions of Act 313 of 1908 against the tenant of his vendor. By his purchase, he became the landlord of his vendor's tenant he found in possession, and the tenant became his tenant.

In Walker vs. Van Winkle 8 N.S.560 the contention was, "that it was the intention of the Legislature to confine the privilege of removing the lessee by summary process to the immediate lessor, and that it did not extend to his assignees." The Court said: "We are of opinion that the lessor, and the representatives and assigns of teh lessors, may exercise the remedies given by this enactment. According to the 2704th. article of the Code, the purchaser of the thing leased takes the property subject to the lease,and is bound by the contract of the original lessor. Being thus subject to all his obligations, it clearly follows, that the lessee is entitled to every remedy given to enforce the rights growing out of these obligations."

The right of the purchaser to this summary process was also recognized in Godchaux vs.Bauman 44A.256 affirming 8N.S.563; and in Lopez vs. Theriot 117La.534 both were affirmed.

In Hinrichs vs. Tulane 49A.1036 the Court said: "When it purchased the property in April, not only was the building at No.14 Magazine Street standing, but plaintiff was occupying it under a recorded lease. By its purchase defendant assumed the obligations of this lease and the character of lessor towards the plaintiff."

C.C.2011 (2006) "Not only the obligation, but the right resulting from a contract relative to immovable property, passes with the property."

Defendant's last contention is, that prior to the expiration of the lease he had renewed it with plaintiff's vendor. There is no pretense that this renewal was registered in the Conveyance Office. Inasmuch as a lease is not binding on a purchaser unless it is registered, neither can a

43

renewal thereof be binding upon him. 3A.198; 30A.436; C.C.2266; 6A.729; 33A.1121; 34A.983; 41A.735; 45A.853.

On October 19th. plaintiff notified the defendant tc vacate on October 31st.

Judgment affirmed.

December 24th.1917.